# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martinez

Civil Action No. 17-cv-2608-WJM

PHILIP N. JOHNSON,

    Applicant,

v.

C.R. GOETZ,

    Respondent.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 12) filed *pro se* by Applicant Philip N. Johnson on January 2, 2018. In response to a Court order, Respondent filed the Response to Order to Show Cause (ECF No. 15) on February 8, 2018. Mr. Johnson was given an opportunity to file a reply, but he did not do so. After reviewing the Application, the Response, and the record, the Court will deny the Application for the reasons set forth below.

## I.    Background

Mr. Johnson is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution in Florence, Colorado. In the Application, Mr. Johnson challenges the validity of a prison disciplinary conviction he received while he was incarcerated at a federal prison in California.

On July 12, 2016, a correctional officer prepared Incident Report No. 2871853

charging Mr. Johnson with "disruptive conduct (Code 229) most like threatening staff (Code 203)." (ECF No. 15-3 at 5). The Incident Report included the following description of the offense:

> On July 12, 2016 at approximately 10:20 A.M., while conducting random pat searches on the center compound inmate Philip Johnson, Reg. No. 77304-079 communicated to me a threat to staff. I initiated the pat search in my general greeting of 'how are you doing today.' In an aggressive tone he said, 'Not good and why do you care you all aren't going to do anything about it so I have to.' I then immediately asked 'What does that mean.' He then said 'I am not telling you nothing, I'm done following the rules I have to take matters into my own hands.' I then immediately escorted him to the lieutenant's office for further clarification on his statement. He appeared agitated and unpredictable. His demeanor made me feel uncomfortable and not safe. There he stated again, 'I'm done with following the rules and you will soon find out unexpectedly.' I then asked him directly 'Are you threatening me or any staff.' He replied, 'You'll find out because I'm done following the rules.' He would not provide any further statements. Inmate Johnson has a history of making threatening statements towards staff.

(*Id.*). Mr. Johnson received a copy of the Incident Report the same day. (*Id.*). He was advised of his right to remain silent and elected not to make a statement. (*Id.* at 6).

On July 13, 2016, the Unit Discipline Committee ("UDC") conducted a hearing regarding the incident where Mr. Johnson stated in his defense that "they're all liars." (*Id.* at 5). The UDC referred the charge to a Discipline Hearing Officer ("DHO") for further hearing. (*Id.* at 5-6). Mr. Johnson was given advanced written notice of his rights at the disciplinary hearing, but he refused to sign the form. (*Id.* at 7-9).

On July 21, 2016, the DHO held Mr. Johnson's hearing on the charge. (*Id.* at 2-4). Mr. Johnson waived his right to staff representation, did not request any witnesses, and refused to provide a statement. (*Id.* at 2). The DHO considered the reporting officer's account set forth in Incident Report No. 2871853, as well as Incident Report

2

No. 2851065, which charged Mr. Johnson with refusing an order in violation of Code 307, and his request for administrative remedy concerning that incident report. (*Id.* at 2, 10-11). Ultimately, Mr. Johnson was convicted of threatening another in violation of Code 203, and was sanctioned with the loss of twenty-seven days of good conduct time, disciplinary segregation for thirty days, and the loss of commissary, telephone, and visiting privileges for ninety days. (*Id.* at 4.) On October 13, 2016, Mr. Johnson received a copy of the DHO report, which contained a written statement of the evidence relied on to support the disciplinary action taken. (*Id.* at 2-4).

Mr. Johnson claims in the Application that he was denied due process and free speech because there was insufficient evidence to support the disciplinary conviction. (ECF No. 12 at 2). Specifically, he contends that the reporting officer lied about the incident on July 12, 2016. (*Id.*). Mr. Johnson further asserts that the DHO refused to listen to his defense at the July 21, 2016 hearing and was biased against him. (*Id.*).

## II.    Standards of Review

The Court must construe the Application filed by Mr. Johnson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811

(10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Johnson "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In the context of prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Furthermore, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (internal quotation marks omitted). Finally, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (internal citation and quotation marks omitted).

### III. Analysis

**A. Sufficiency of the Evidence**

Mr. Johnson first claims that the evidence against him was insufficient to support the conviction because the DHO relied on "the lie of [the reporting officer] as the only 'evidence' against me." (ECF No. 12 at 2).

As noted above, due process is satisfied in the prison disciplinary context if there is "some evidence" supporting the charge. *Hill*, 472 U.S. at 454. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445. In fact, an incident report alone may constitute "some evidence" sufficient to support the DHO's decision. *See Ruelas v. Zuercher*, 240 F. Appx. 796, 797 (10th Cir. 2007) (unpublished); *Longstreth v. Franklin*, 240 F. App'x 264, 267 (10th Cir. 2007) (unpublished).

The Court's review of the report written by the DHO establishes that the evidence supporting Mr. Johnson's disciplinary conviction satisfied the "some evidence" threshold. The DHO relied upon the written statement of the reporting officer, and Mr. Johnson's pattern of behavior. Mr. Johnson's conclusory assertion that the reporting officer lied does not negate the existence of "some evidence" to support the disciplinary conviction. As a result, Mr. Johnson is not entitled to relief with respect to his

insufficient evidence claim.

### B. Biased Hearing Officer

To the extent Mr. Johnson is asserting that the DHO "refused to listen to any defense" and was biased against him due to the DHO's "financial relationship to the BOP," this claim also lacks merit.

As noted above, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn*, 354 F.3d at 1220 (internal quotation marks omitted). However, "[d]ue process is violated only when the risk of unfairness is intolerably high under the circumstances of a particular case." *Mangels v. Pena*, 789 F.2d 836, 838 (10th Cir. 1986) (internal quotation marks omitted). Furthermore, "[b]ecause honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Id.* (citation omitted).

Mr. Johnson alleges no specific facts that demonstrate an intolerably high risk of unfairness. Instead, he asserts only that the "use of BOP workers who are biased by their financial relationship to BOP . . . is so obvious hypocritical use of the claim that the DHO is an 'impartial hearing officer," and that "[s]uch use of corrupt wage slaves such as the DHO is unconstitutional." (ECF No. 12 at 2). These vague and conclusory allegations are not sufficient to demonstrate a denial of due process. *See Farrakhan-Muhammad v. Oliver*, 688 F. App'x 560, 566 (10th Cir. 2017) (finding "bare, conclusory assertions" of prejudice by DHO are not sufficient to demonstrate unconstitutional bias).

The DHO report further demonstrates that during the disciplinary hearing, Mr. Johnson elected not to call witnesses, present evidence, or make a statement in his defense, and that he was removed from the hearing after displaying a poor attitude. (ECF No. 15-3 at 2-4). Thus, the record refutes his conclusory suggestion that the DHO "refused to listen" to his defense. The Court, therefore, finds that Mr. Johnson cannot obtain relief on his impartial decision-maker claim.

## IV. Conclusion

In summary, the Court finds that Mr. Johnson is not entitled to relief and the Application will be denied. Accordingly, it is

ORDERED that the Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 12), filed by Philip N. Johnson on January 2, 2018 is DENIED and this case is DISMISSED WITH PREJUDICE. It is FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 18th day of January, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge